UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VICTORIA L. GREENHALL,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

       Defendant.

Civil No. 06-6151-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

       Plaintiff Victoria Greenhall brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the Act). Plaintiff requests judicial review of a final decision by the Commissioner of the Social Security Administration (SSA) denying her application for Social

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 - OPINION AND ORDER

Security Disability Insurance Benefits (DIB) and for Supplemental Security Income (SSI) disability benefits. After she sought an order reversing the decision of the Commissioner and remanding this action for an award of benefits, defense counsel conceded that the SSA's decision in this matter was unsupported by substantial evidence. Defendant requests that this case be remanded for further proceedings. For the reasons stated below, this case is remanded for an immediate calculation of benefits.

## BACKGROUND SUMMARY AND ANALYSIS

In light of defendant's concession and related stipulations regarding the background of this case, the administrative history and plaintiff's medical situations need not be reviewed in detail. As defendant concedes, this court is compelled to remand this action, at least for further administrative proceedings, because the ALJ failed to evaluate medical opinions and incorporate them properly in his assessment of plaintiff's residual functional capacity (RFC).

Plaintiff protectively filed applications for DIB and SSI on January 30, 2002. The Commissioner denied her claims initially and upon reconsideration. Tr. of Admin. R. (hereinafter, Tr.) 16. Plaintiff appealed and appeared before an Administrative Law Judge (ALJ) on July 7, 2005. *Id*. The ALJ denied plaintiff's claim. Tr. 29. On May 2, 2006, the SSA Appeals Council rejected plaintiff's appeal of that decision and affirmed the decision of the ALJ. Tr. 7.

Plaintiff is fifty-two years old and has employment history as a gardener, nursing aide, housekeeper, and instructional aide. She claims disability since July 19, 1997, due to sexual abuse, injuries from a vehicular accident, depression, post traumatic stress disorder, and antisocial personality disorder, compulsive-obsessive disorder, degenerative disk disease, and curvature of her spine. Tr. 195.

As detailed below, a treating physician concluded that her mental impairments precluded full-time employment. An examining psychologist, a second treating doctor and a nurse practitioner came to similar conclusions.

The ALJ found that plaintiff's health problems required her to avoid public service and sales positions, and that her concentration, persistence, and pace issues limited her to 1-3 step repetitive tasks. Tr. 29, Finding 7. The ALJ concluded that plaintiff could perform her past relevant work as a groundskeeper, housekeeper, small products assembler, and sugar plant laborer. Tr. 29, Finding 8.

The Commissioner concedes that the ALJ failed to make proper findings regarding plaintiff's mental impairments. Deft.'s Mem. Supp. Remand at 6. Specifically, Commissioner concedes that the ALJ failed to address the medical and testimonial evidence presented by plaintiff's treating physician, Beth Moore, M.D., and the opinions presented by agency physician Peter LeBray, M.D., agency psychologist, Bill Hennings, Ph.D., the non-source medical opinion from nurse practitioner Amber Benson, and the lay testimony offered by plaintiff's friend, Doug Nulf. *Id*. at 7. Plaintiff also challenges the ALJ's reasoning provided for rejecting the opinions of treating physician Dr. Douglas Bailey and examining psychologist Dr. Barbara Ann Perry. Pls. Opening Mem. at 10-14.

Because of these errors, plaintiff seeks a remand for the calculation of benefits. Defendant requests that the remand be for further administrative proceedings.

## SCOPE OF REMAND

The only issue presented is whether the remand that both parties seek should result in further analysis or an award of benefits. As noted above, 42 U.S.C. § 405(g) provides jurisdiction for this court to review administrative decisions in Social Security benefits cases. While the first two sentences of Section 405(g) establish this court's jurisdiction, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"

3 - OPINION AND ORDER

and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).  "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of awarding attorney's fees . . . even when the case has been remanded for further administrative action.  *Id*. (citing *Schaefer*, 509 U.S. at 297-302).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations:  where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n. 2). "Unlike sentence four remands, sentence six remands do not constitute final judgments."  *Id*.

The issues presented here compel a remand under sentence four.  The decision whether to remand under sentence four for further proceedings or for immediate payment of benefits is within the discretion of the court.  *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

"[A] remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits."  *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  The rule recognizes "the importance of expediting disability claims."  *Id*.  "[I]n cases in which it is evident from the record that benefits should be awarded, remanding for further proceedings would needlessly delay effectuating the primary purpose of the Social Security Act, 'to give financial assistance to disabled persons because they cannot sustain themselves.'"  *Id*. (quoting *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995)).

A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the

claimant disabled if the evidence in question were credited. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

Under these standards, a remand for a finding of disability and an award of benefits is appropriate here. As conceded by defendant, the ALJ failed to properly evaluate and incorporate the opinions of plaintiff's treating physician, Beth Moore, M.D., agency physician Peter LeBray, M.D., agency psychologist, Bill Hennings, Ph.D., and nurse practitioner, Amber Benson.

Doctor Moore provided a written opinion that essentially adopted the prior opinions of Dr. Perry. Tr. 648 ("I agree with [Dr. Perry's] conclusion regarding [plaintiff's] psychological evaluation as well as other impairment and testing evaluation regarding any other additional limitations"). Psychiatric Nurse Practitioner Benson agreed with Dr. Perry. Tr. 634.

Doctor Perry examined plaintiff twice and concluded, in part, that "[plaintiff] will not function consistently and she most likely will be unable to handle her own finances." Tr. 622. Previously, Dr. Perry concluded, in part, that plaintiff had marked limitations in the abilities to perform activities within a schedule, maintain regular attendance, be punctual, work in proximity with others, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace, interact appropriately with the public, accept instructions and respond appropriately to criticism, get along with co-workers or peers without distracting them or exhibiting behavioral extremes. Tr. 616.

Doctor Peter LeBray, an agency psychologist, reviewed the record and reached similar conclusions. Tr. 452 (plaintiff would experience "some difficulty dealing with supervisors and coworkers" because of limitations in accepting criticism). R 452. Agency psychologist Bill Hennings similarly found plaintiff moderately limited in abilities "to accept instructions and respond appropriately to criticism from supervisors" and "to work in coordination with or proximity to others without being distracted by them." Tr. 473. There is no dispute that each of these opinions was ignored or inadequately evaluated by the ALJ.

5   - OPINION AND ORDER

Moreover, this court concludes that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Drs. Perry and Bailey. In rejecting Dr. Perry's conclusions, the ALJ relied upon the hearing testimony of Dr. Dragovich. Tr. 25. Doctor Dragovich opined at hearing that plaintiff might terminate her employment for reasons pertaining to her opinions of her supervisor. Tr. 132. The doctor acknowledged that this behavior arose from personality traits and psychiatric impairments. Tr. 132-33. The ALJ's analysis that "Dragovich noted that lifestyle choices, rather than the claimant's impairments, drive the claimant's problems with attendance, tardiness and walking out on work when things don't go her way," Tr. 25, was therefore inaccurate, and insufficient in and of itself as a basis to reject Dr. Perry's conclusions.

The ALJ also emphasized, at Tr. 25, a general finding from Dr. Perry that plaintiff "has only mild difficulties in maintaining activities of daily living and only mild difficulties in maintaining concentration/persistence/pace." It is true that this finding is inconsistent with Dr. Perry's more comprehensive conclusions that plaintiff "appears to have no ability at all for cooperating with others, and she appears quite unreliable in terms of showing up on time or following through on plans." Tr. 613. For reasons stated below, however, this apparent inconsistency is insufficient as a ground for rejecting Dr. Perry's opinions.

An ALJ must provide clear and convincing reasons for rejecting uncontroverted expert opinions, and must provide specific, legitimate reasons for rejecting controverted expert opinions. *Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995); *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) (clear and convincing reasons must be provided to support rejection of a treating physician's ultimate conclusions). Generally, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than a reviewing physician's conclusions. *Holohan*, 246 F.3d at 1202; *Lester*, 81 F.3d at 830.

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001)

(citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989)).  An ALJ need not accept a treating physician's opinion that is conclusory, brief, and unsupported by clinical findings. *Tonapetyan*, 242 F.3d at 1149 (citing *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).

However, an ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments.  *Lester*, 81 F.3d at 832-33 (citing *Embrey*, 849 F.2d at 422).

A single inconsistency, which might properly be interpreted as a typographical error in light of the doctor's thorough and detailed findings regarding plaintiff's limitations, is insufficient for rejecting the doctor's expert opinions.  Plaintiff's objections to the ALJ's analysis of Dr. Perry's opinions are well-taken.

Similarly, Dr. Bailey found that plaintiff was markedly limited in the abilities to understand and remember detailed instructions, carry out detailed instructions, maintain attention and concentration for extended periods, perform within a schedule, maintain regular attendance, be punctual, sustain ordinary routine without supervision; and to work in coordination with or proximity to others without being distracted by them.  Tr. 505.  He concluded that plaintiff's mental impairments would cause her to be absent from work about two to three times per month.  Tr. 509.

The ALJ rejected these conclusions because Dr. Bailey's "specialty is family practice rather than mental health, he has provided minimal rationale for his findings and he appears to have unquestionably relied upon the claimant's reporting which is not found to be credible."  Tr. 23.

It is beyond serious dispute that a primary care physician may treat and give an opinion on a mental impairment even if that primary care physician lacks certification in psychiatry. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citations omitted) (it is well established that most of the psychiatric disorders in America are identified and treated by primary care physicians, who can offer competent psychiatric evidence based upon clinical observations).

7   - OPINION AND ORDER

It may be appropriate, however, to discount medical opinions to the extent that the opinions are based on a claimant's self-reporting under certain circumstances. *Tonapetyan*, 242 F.3d at 1149. In this case, nothing in the record suggests that Dr. Bailey's expert opinion of plaintiff's impairments was based exclusively or even largely upon plaintiff's self-reporting. To the contrary, the evidence presented establishes that Dr. Bailey grounded his opinions upon the scrutiny of objective, clinical observations and his treatment of plaintiff. Tr. 483-84; 504; 511-12; 516. This court concludes that Doctor Bailey's evaluations were derived from objective medical findings, including formal testing, as well as from appropriate reliance upon his patient's reporting.

Accordingly, the ALJ's proffered reasons for rejecting the opinions of Drs. Perry and Bailey are legally insufficient. When the Commissioner provides inadequate reasons for rejecting the opinions of a treating or examining physician, those opinions are generally credited as true as a matter of law. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006) (citations omitted)*; see also Benecke*, 379 F.3d at 594. Based upon the administrative record before the court, there is no doubt that crediting the opinions of Drs. Perry, Bailey, Moore, LeBray, and Hennings, and the non-source medical opinion of nurse practitioner, Amber Benson, requires a finding that plaintiff is disabled.

When it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence in question were credited, additional proceedings are unnecessary to determine plaintiff's entitlement to benefits. *See Smolen*, 80 F.3d at 1292 (remanding for an award of benefits is appropriate where the record is fully developed, and further proceedings "would serve no useful purpose"); *see also Lester*, 81 F.3d at 834 (if evidence that was improperly rejected demonstrates that claimant is disabled, court should remand for payment of benefits). Permitting the Commissioner a further opportunity to amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

The record presented establishes that plaintiff cannot perform any substantial gainful work that exists in the national economy, and the case need not be returned to the ALJ. *Benecke*, 379 F.3d at 595. "Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Id*. (citations omitted). As the *Benecke* court summed up:

> Remanding a disability claim for further proceedings can delay much needed income for claimants who are unable to work and are entitled to benefits, often subjecting them to tremendous financial difficulties while awaiting the outcome of their appeals and proceedings on remand. Requiring remand for further proceedings any time the vocational expert did not answer a hypothetical question addressing the precise limitations established by improperly discredited testimony would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [his or] her obligation to develop the record.

*Benecke*, 379 F.3d at 595 (citations and internal quotations omitted).

## **CONCLUSION**

Given the foregoing, there are no outstanding issues in this matter to be resolved. The court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose. Under the applicable standards, after giving the evidence in the record the effect required by law, this court find that plaintiff is unable to engage in any substantial gainful activity by reason of her impairments, and she is disabled under the Act. Accordingly, the final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the proper calculation and award of DIB and SSI benefits to plaintiff Victoria L. Greenhall.

IT IS SO ORDERED.

DATED this ___27___ day of September, 2007.

                                                         /s/ ANCER L. HAGGERTY
                                                           ANCER L. HAGGERTY
                                                    United States District Judge